DANIEL G. BOGDEN
United States Attorney
District of Nevada

BLAINE T. WELSH
Nevada Bar No. 4790
TROY K. FLAKE
Assistant United States Attorneys
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: 702-388-6336
Facsimile: 702-388-6787
Email: *blaine.welsh@usdoj.gov*
        *troy.flake@usdoj.gov*

Attorneys for the United States.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARIANNE JACKSON, individually, and as Administratrix of the ESTATE OF BRYAN D. JACKSON, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Case No. 2:14-cv-00392-APG-GWF

## STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES
### Filed in Compliance with LR 26-4
(Third Request)

Pursuant to LR 26-4 and for the reasons provided below, the parties, through their respective counsel, request the Court extend the discovery deadlines for thirty (30) days. This is the third request for an extension of discovery deadlines.

1.      **Status Report:**  The parties conducted a telephonic Rule 26(f) discovery conference on July 15, 2014, and filed a stipulated discovery plan and scheduling order (ECF No. 12) on July 21, 2014. The Court entered a Scheduling Order (ECF No. 13) on July 22, 2014. On November 21, 2014, the parties filed the first Stipulation to Extend Discovery Deadlines (ECF No. 22), and the Court entered a Scheduling Order (ECF No. 23) on November 24, 2014. On January 21, 2015, the parties filed the second Stipulation to Extend Discovery Deadlines (ECF No. 24), and the Court entered the current Scheduling Order (ECF No. 25) on January 22, 2015.  Pursuant to LR 26-4, the deadline to request an extension of discovery deadlines is May 26, 2015.[1]

The parties have exchanged initial disclosures and discovery requests. The United States experienced difficulty obtaining Decedent's medical and claims files. All requested records have now been received and were served on Plaintiff's counsel on May 19, 2015.

This is an FTCA action alleging wrongful death caused by the negligence of a federally operated pharmacy. The parties request a thirty (30) day extension of the remaining discovery deadlines to allow the parties' experts sufficient time to carefully review nearly 5,500 documents and prepare their reports.

For this reason, the parties propose the following discovery deadlines:

2.      **Discovery cutoff date:  Friday, September 11, 2015.**

3.      **Interim Status Report:  Wednesday, July 15, 2015.**

4.      **Expert Disclosures:  Wednesday, July 15, 2015.**

5.      **Rebuttal Expert Disclosures:  Wednesday, August 12, 2015**.

6.      **Dispositive Motions:  Wednesday, October 14, 2015** .

7.      **Pretrial Order:**  A Joint Pretrial Order shall be filed by **Wednesday, November 11, 2015** . However, if any dispositive motions are filed, then the Joint Pretrial Order shall be due thirty (30) days after decision on such motion(s). Disclosures under Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the Joint Pretrial Order.

---

[1] When the period of time is stated in days or a longer unit of time ... include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

8. **Electronic Discovery:**  The parties do not envision that any significant relevant information is stored in an electronic format. Accordingly, the parties agree to produce any electronically stored information in paper and/or .pdf format. If the parties learn that electronically stored information is available and would impact this case, the parties will meet and confer about the production of that information in an acceptable format.

9. **Inadvertent Disclosure:**  Pursuant to Fed. R. Evid. 502(d) and (e), the parties both agree and request that entry of this order establish that inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information for purposes of this or any other litigation. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned, stricken or otherwise appropriately handled to reverse the inadvertent disclosure. The receiving party shall return all copies of the inadvertently produced material within five (5) business days of

///
///
///
///
///
///
///
///
///
///
///

3

1   receipt of the request and otherwise cooperate to fulfill this agreement. Any notes or summaries

2   referring or relating to any inadvertently produced privileged material shall be destroyed.

3          Respectfully submitted this 26th day of May, 2015.

4   STOVALL & ASSOCIATES                          DANIEL G. BOGDEN
                                                  United States Attorney
5

6   */s/ Ross Moynihan*                            */s/ Troy K. Flake*
    ROSS MOYNIHAN, Esq.                           BLAINE T. WELSH
    *Attorneys for Plaintiff*                       TROY K. FLAKE
7                                                 Assistant United States Attorneys
                                                  *Attorneys for the United States*
8

9

10

11

12                                        **IT IS SO ORDERED:**

13

14

15                                        **UNITED STATES MAGISTRATE JUDGE**

                                          **DATED:**   May 29, 2015
16

17

18

19

20

21

22

23

24

25

26